IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUSTIN R. LOWE                                                                 PLAINTIFF

vs.                                Civil No. 2:16-cv-02211

NANCY A. BERRYHILL                                      DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Justin R. Lowe ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.     **Background:**

Plaintiff protectively filed his DIB and SSI applications on April 15, 2014. (Tr. 13). In these applications, Plaintiff alleges being disabled due to diabetes and neuropathy. (Tr. 192). Plaintiff alleges an onset date of January 1, 2013. (Tr. 13). These applications were denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on August 13, 2014. (Tr. 118-119). Plaintiff's

administrative hearing was held on June 18, 2015. (Tr. 32-65). At this hearing, Plaintiff was present and was represented by Laura McKinnon. *Id.* Plaintiff and Vocational Expert ("VE") Debra Steele testified at this hearing. *Id.* At this hearing, Plaintiff was thirty-one (31) years old and had an eleventh grade education (Tr. 38).

On July 16, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 13-23). In this decision, the ALJ found Plaintiff met the insured status of the Act through March 31, 2017. (Tr. 15, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since January 1, 2013. (Tr. 15, Finding 2).

The ALJ next found Plaintiff had severe impairments that included insulin dependent diabetes mellitus, peripheral neuropathy, and major depressive disorder. (Tr. 16, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform full range of light work, except needs a job involving no exposure to unprotected heights or dangerous machinery; work in a controlled environment in which he is not exposed to temperature extremes; and a job involving simple tasks and simple instructions. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The ALJ found Plaintiff was unable to perform any PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr.

21, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a bin filler with approximately 2,870 such jobs in the region and 232,680 such jobs in the nation, air purifier servicer with approximately 1,150 such jobs in the region and 139,760 such jobs in the nation, public area attendant with approximately 400 such jobs in the region and 88,830 such jobs in the nation, apparel stock checker with approximately 136 such jobs in the region and 99,267 such jobs in the nation, and merchandise marker with approximately 2,090 such jobs in the region and 224,880 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 1, 2013 through the date of the decision. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 9). On June 24, 2016, the Appeals Council denied this request for review. (Tr. 1-7). On August 23, 2016, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10, 13. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

4

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff argues the ALJ erred: (1) by failing to fully and fairly develop the record, (2) in the Step 2 analysis, (3) by failing to properly evaluate his allegations of pain, and (4) in the RFC determination. ECF No. 10 at 5-18. Upon review of these claims, the Court agrees with Plaintiff and finds the ALJ failed to fully and fairly develop the record. Accordingly, the Court will only address this argument for reversal.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177, 179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Further, "[i]t is reversible error for an ALJ not to

5

order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Dozier v. Heckler,* 754 F.2d 274, 276 (8th Cir. 1985) (*quoting Reeves v. Heckler,* 734 F.2d 519, 522 n.1 (11th Cir. 1984)).

Plaintiff argues the ALJ failed to fulfill his duty to develop the record based on his failure to obtain a consultative mental examination. Plaintiff requested a consultative mental examination on three occasions. The ALJ denied the request based upon there being consistent and sufficient evidence upon which to make a decision. (Tr. 13.)

The total medical record in this matter is 197 pages. (Tr. 295-492). Of that, only eight (8) pages involved Plaintiff's mental health. (Tr. 325-332). This record was a mental health exam performed on August 27, 2014 by LPC Laura Anderson.[1] *Id.* The findings of this exam diagnosed Plaintiff with major depressive disorder, PTSD, and borderline and antisocial traits. *Id.* Plaintiff was also given a GAF score of 40. *Id.* A GAF score at or below 40 should be carefully considered because such a low score reflects a major impairment in several areas such as work, family relations, judgment, or mood. *See Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010).

Given that this single exam was the entire of record of Plaintiff's mental health evidence, it is difficult to ascertain how this was "consistent" and "sufficient" evidence upon which to make a decision as found by the ALJ. The Plaintiff requested a consultative mental examination on three occasions and the ALJ denied these requests. This was error and further development of this may result in a different RFC conclusion. Accordingly, remand is necessary to allow the ALJ to develop the record with regard to Plaintiff's overall mental health.

As a result of these findings, this Court finds the ALJ failed to properly develop the record.

---

[1] It should be noted that a licenced professional counselor is not an acceptable medical source.

On remand, further development of these issues is needed through use of a consultative mental examination conducted by an acceptable medical source.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 3rd day of October 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE